# 2022-1121

In The

# United States Court of Appeals
## For The Federal Circuit

## In re: JUSTIN SAMUELS,
## SAMUEL ROCKWELL

*Appellants.*

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE
ORIGINATING CASE NO. 29/577,270**

———————————

## CORRECTED BRIEF OF APPELLANTS

———————————

**Todd S. Sharinn**
**GILBRIDE, TUSA, LAST &**
  **SPELLANE LLC**
**31 Brookside Drive**
**Greenwich, CT 06830**
**(203) 542-8418**
tss@gtlslaw.com

*Counsel for Appellants*

*Gibson*MOORE Appellate Services
206 East Cary Street ❖ P.O. Box 1460 (23218) ❖ Richmond, Virginia 23219
(804) 249-7770 ❖ www.gibsonmoore.net

## **CLAIM LANGUAGE**

1.    The ornamental design for a waffle having a waffle pattern side and a smooth side as shown and described.

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 22-1121 |
| **Short Case Caption** | In re: Samuels |
| **Filing Party/Entity** | Justin Samuels & Samuel Rockwell |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/15/2022

Signature: /s/ Todd S. Sharinn

Name: Todd S. Sharinn

FORM 9. Certificate of Interest

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Justin Samuels | Waffle Waffle, LLC | |
| Samuel Rockwell | Waffle Waffle, LLC | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable        ☐   Additional pages attached

| Robert C. Brown | Jesse J. Levitt | |
|---|---|---|
| | | |
| | | |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☐   None/Not Applicable        ☐   Additional pages attached

| In re Samuels Docket No. 21-2166 | | |
|---|---|---|
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable        ☐   Additional pages attached

| | | |
|---|---|---|
| | | |

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTEREST

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF RELATED CASES ........................................................1

JURISDICTIONAL STATEMENT ............................................................1

STATEMENT OF THE ISSUES................................................................2

STATEMENT OF THE CASE...................................................................3

I.     Description of the Present Application and the Claims on Appeal ................3

II.    Outstanding Rejections..............................................................4

III.   The Prior Art.........................................................................4

      a.     Dunkin Donuts Belgian Waffle Breakfast Sandwich
       Review #328...................................................................4

IV.    Procedural History ..................................................................5

      a.     The Examining Attorney's Rejection.....................................5

      b.     The Board's Affirmance....................................................6

SUMMARY OF THE ARGUMENT .........................................................8

ARGUMENT ........................................................................................9

I.     The Board Erred by Rejecting the Claim as Anticipated by the
       Prior Art.............................................................................9

      a.     The Ordinary Observer would find Appellants' Claimed Design
       Differs from the Cited Prior Art.........................................10

i

b.    The Designs of the Claimed Invention and the Cited Prior Art are Not Substantially the Same ............................................................15

c.    The Board Erred by Failing to Consider the Functional Features of the Prior Art in its Analysis ............................................................21

II.    The Board Erred by Allowing the Examining Attorney to Rely on Inherency to Establish the Entire Inner Surface of the Dunkin Donuts Belgian Waffle .................................................................................................23

III.    The Extrinsic Evidence Does Not Make Clear that the Missing Descriptive Matter is Necessarily Present in the Prior Art Reference ..........27

IV.    The Board Erred By Failing to Consider United States Patent Application Number 15/168,768 in Determining the Priority Date of Appellants' Invention .....................................................................................30

CONCLUSION ............................................................................................................31

REASONS TO GRANT ORAL ARGUMENT ........................................................31

ADDENDUM

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arminak & Assocs., Inc. v. Saint–Gobain Calmar, Inc.*,
    501 F.3d 1314 (Fed. Cir.2007) ............................................................. 9

*Continental Can Co. USA v. Monsanto Co.*,
    948 F.2d 1264 (Fed. Cir. 1991) ...........................................20, 28, 29

*Ex Parte Donaldson*,
    26 USPQ 2d 1250 (Bd. Pat. App. & Int. 1992) .................................25

*Door-Master Corp. v. Yorktowne, Inc.,*,.
    256 F.3d 1308 (Fed. Cir. 2001) .......................................................16

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008) .....................................................10, 11

*Elmer v. ICC Fabricating, Inc.*,
    67 F.3d 1571 (Fed. Cir. 1995) .......................................................11

*Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*,
    162 F.3d 113 (Fed. Cir. 1998) ..........................................................9

*Gorham Co. v. White*,
    81 U.S. 511 (1871).........................................................................10, 16

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
    589 F.3d 1233 (Fed. Cir. 2009) .................................................*passim*

*Ex Parte Levy*,
    17 USPQ 2d 1461 (1990)....................................................................27

*Microsoft Corp. v. Biscotti, Inc.*,
    878 F.3d 1052 (Fed. Cit. 2017)...........................................................9

*Read Corp. v. Portec. Inc.*,
    970 F.2d 816 (Fed. Cir. 1993) .........................................................21

*In re Zahn*,
    204 USPQ 988 (CCPA 1980) .......................................23, 24, 25, 26

**Statutes**

28 U.S.C. § 1295(a)(4)(A) ................................................................2

35 U.S.C. § 6(b) ..............................................................................2

35 U.S.C. § 102 ..............................................................................25

35 U.S.C. § 102(a)(1) ...............................................................*passim*

35 U.S.C. § 112 ..............................................................................25

35 U.S.C. § 141 ................................................................................2

35 U.S.C. § 142 ................................................................................2

35 U.S.C. § 171 ..............................................................................25

**Other Authorities**

37 C.F.R. § 90.3(a) ..........................................................................2

MPEP § 2131.01(III) ......................................................................27

## STATEMENT OF RELATED CASES

The United States Court of Appeals for the Federal Circuit considers the present appeal to be a companion case to the appeal presently before the United States Court of Appeals for the Federal Circuit in *In re: Samuels* Docket Number 21-2166.

## JURISDICTIONAL STATEMENT

This case is appealed from a final decision of the Patent Trial and Appeal Board (the "Board") rendered on September 2, 2021. *See* Appx1-12.  In that decision, the Board affirmed the Examining Attorney's rejection of Appellants' pending patent claims under 35 U.S.C. § 102(a)(1) as anticipated over a single fuzzy frame in the sole prior art amateur video product review of a sandwich product purportedly depicting a single sided waffle as a component of the sandwich being reviewed. Appellants contend, in the simplest terms, the Board erred in affirming the Examining Attorney's rejection by, *inter alia*, improperly indulging the Examining Attorney's speculative extrapolation to impart qualities to the purportedly single sided waffle through an unsupportable extension of the doctrine of inherency, which if left unchecked will have an undesirable chilling effect on the fair and equitable prosecution of similarly situated patent applications, in turn depriving inventors of the fruits of their labors without cause.

The Board had subject-matter jurisdiction over the appeal from the Examining Attorney's rejection under 35 U.S.C. § 6(b).  A notice of appeal to this Court was timely filed and served on the Director of the United States Patent and Trademark Office on November 5, 2021, pursuant to 35 U.S.C. § 142 and 37 C.F.R. § 90.3(a).  This Court has jurisdiction under 35 U.S.C. § 141 and 28 U.S.C. § 1295(a)(4)(A).

## STATEMENT OF THE ISSUES

I.    Whether the Board erred by rejecting the claim as anticipated by a single fuzzy frame in the sole referenced prior art amateur video product review of a sandwich product purportedly depicting a single sided waffle as a component of the sandwich being reviewed?

II.   Whether the Board erred by allowing the Examining Attorney through an unsupportable extension of the doctrine of inherency, to support the speculative extrapolation that imparted qualities to a purportedly single sided waffle, namely that the entire inner surface of the purportedly prior art waffle has a flat side, despite the existence of evidence to the contrary in said same prior art reference?

III.  Whether the Board erred in its interpretation and application of the doctrine of inherency by relying on extrinsic evidence to support the finding that the claimed design is unpatentable despite the fact that the

evidence fails to demonstrate that the missing descriptive matter is

actually or even likely present in the prior art reference?

IV.    Whether the Board erred by not considering United States Patent

Application Number 15/168,768 in determining the priority date of the

invention?

## STATEMENT OF THE CASE

## BACKGROUND

**I.    Description of the Present Application and the Claims on Appeal.**

Appellants' claimed invention is directed to an asymmetrical planar bread

food product. Claim 1, reproduced below, is illustrative of the claimed invention's

subject matter (the "claimed subject matter"):

> Claim 1: "We claim the ornamental design for a waffle having a
> waffle pattern side and a smooth side as shown and described."[1]

Appellant's claimed invention is an improvement on the current known art

as it provides for an improved ornamental waffle design having a flat side and a

waffle side. The flat side of the present invention, as claimed, is smooth with no

markings or striations. Thus, Appellants' invention satisfies a long-standing need

to overcome the shortcomings of the known art's inferior and aesthetically

---

[1] Since the application under examination is directed to a design patent the single
claim is actually directed to drawings that are part of the record and are available to
this Court at Appx31-33.

unappealing single sided waffle with the non-waffle side bearing striations and/or other markings.

## II.     Outstanding Rejections.

The Board affirmed the rejection of Appellants' pending patent claims under 35 U.S.C. § 102(a)(1) as anticipated by a single fuzzy frame of a single prior art reference, namely, the Dunkin Donuts Belgian Waffle Breakfast Sandwich Review #328 dated August 30, 2016 (the "Breakfast Sandwich Review"). *See* Appx1-12.

## III.     The Prior Art.

The Prior art relied upon in this Appeal by the Examining Attorney and the Board is limited to one reference, the afore-discussed Breakfast Sandwich Review.

### a.     Dunkin Donuts Belgian Waffle Breakfast Sandwich Review #328.

The principal and sole prior art reference, the Breakfast Sandwich Review was relied upon by the Board in concluding that Appellants' claimed invention is unpatentable as anticipated.  The Breakfast Sandwich Review is purported to show a waffle product comprising a waffle with a flat side and a waffle pattern on the opposing side (the "Dunkin Donuts Belgian Waffle").

The Breakfast Sandwich Review is a video that shows merely a fuzzy glimpse of a small portion of the inner surface of the Dunkin Donuts Belgian Waffle located at the outermost portion of its inner circumference. It does not show

the underside, nor a clear picture of the complete inner surface of the Dunkin Donuts Belgian Waffle. Nor does the reviewer participating in the video hint of a flat side, let alone mention or discuss it. The Breakfast Sandwich Review itself is of low optical quality and the Examining Attorney referenced only a single blurry frame in order to support the rejection. Furthermore, the Dunkin Donuts Belgian Waffle is seen to have deformations on the underside, meaning that the underside is clearly not planar as claimed and depicted in Appellants' pending application.

## IV.    Procedural History.

### a.    The Examining Attorney's Rejection.

United States Patent Application Serial No. 29/577,270 styled "WAFFLE HAVING A WAFFLE PATTERN SIDE AND A SMOOTH SIDE" was filed as a nonprovisional design patent application on September 12, 2016. *See* Appx35-37. Appellants on many occasions during prosecution set forth multiple bases for rejecting the Examining Attorney's finding of anticipation, all of which were ultimately rejected by the Examining Attorney.

A Final Office Action was issued on November 27, 2018, against the claimed invention on the basis of 35 U.S.C. § 102(a)(1). Appx156-168.  In the Final Office Action, the Examining Attorney found that the Appellants' claimed invention was unpatentable over the Breakfast Sandwich Review. *Id.*  Specifically, the Examining Attorney concluded that the overall appearances between the

claimed design and the Dunkin Donuts Belgian Waffle are substantially the same and would not be discernably different to an ordinary observer.

Appellants filed the Appeal Brief on April 20, 2020, and asserted, *inter alia*, that the Examiner's anticipation rejection failed because there was no reliable evidence that the Dunkin Donuts Belgian Waffle was anything other than a traditional double-sided waffle. *See* Appx247-283. Among other things, Appellants asserted that any number of "ordinary observers" would be unlikely to interpret this glimpse as being a waffle sandwich comprising "a waffle having a waffle pattern side and a smooth side . . . substantially the same as that of the claimed design." Appx253. Further, the reviewer in the video never takes the waffle apart to reveal the entire purported smooth surface having all the characteristics necessary to successfully make the rejection. *Id*.

Notwithstanding, and as maintained throughout these proceedings, the Examining Attorney's conclusion is simply the product of speculation, which the Examining Attorney and later the Board when faced with this challenge, failed to provide anything more than a "because we say so" explanation to support its clearly erroneous findings.

### b.    The Board's Affirmance.

In its decision rendered on September 2, 2021, the Board affirmed the Examining Attorney's rejection under 35 U.S.C. § 102(a)(1) as anticipated by the

Breakfast Sandwich Review. Appx1-12.  The Board erroneously adopted all of the Examining Attorney's findings as its own.

Specifically, the Board found that the Dunkin Donuts Belgian Waffle, like the claimed subject matter, has a waffle pattern side and smooth side, concluding that the overall appearances between the claimed design and the Dunkin Donuts Belgian Waffle are substantially the same and would not be discernably different to an ordinary observer.

Ultimately, the Board, ignoring reason, logic, and the prevailing law, chose to find, relying solely on speculation, that a reasonable observer viewing the Breakfast Sandwich Review would conclude that the entire inner side of the Dunkin Donuts Belgian Waffle is flat despite never seeing a clear view of the bottom side of the referenced waffle. Appx1-12. Interestingly and more concerning is the fact that the Board, like the Examining Attorney, never defined who or what the ordinary observer would be under the present circumstances. Instead, the Board, like the Examining Attorney, placed itself in the role of the ordinary observer and failed to even consider the context of where and how a real ordinary observer would observe the so-called prior art waffle. To this end, both the Board and the Examining Attorney ignored the notion that an ordinary observer would be a customer who is either watching the video for entertainment and/or insight as to whether they would like to taste the sandwich being reviewed, or is a fast food

customer rushing to work or class and concerned with little more than quickly ingesting the sandwich without mess or fuss.

## SUMMARY OF THE ARGUMENT

The Examining Attorney's finding that the Appellants' claimed invention is anticipated and the Board's Affirmation of the Examining Attorney's rejection, suffers from major flaws.  In its decision the Board affirmed the Examining Attorney's rejection of Appellants' pending patent claim under 35 U.S.C. § 102(a)(1) as anticipated over a single fuzzy frame in the sole prior art amateur video product review of a sandwich product purportedly depicting a single sided waffle as a component of the sandwich being reviewed. Appellants contend, in the simplest terms, the Board erred in affirming the Examining Attorney's rejection by, *inter alia*, improperly indulging the Examining Attorney's speculative extrapolation to impart qualities to the purportedly single sided waffle through an unsupportable extension of the doctrine of inherency, which if left unchecked will have an undesirable chilling effect on the fair and equitable prosecution of similarly situated patent applications, in turn depriving inventors of the fruits of their labors without cause.

Adding insult to injury, the Board erred by concluding, without any basis for doing so, that an ordinary observer would find that that the Dunkin Donuts Belgian Waffle, as featured in the Breakfast Sandwich Review, has a waffle pattern side

and smooth side substantially the same as Appellants' claimed design. Nothing in the prior art establishes an expectation that such an ordinary observer would reach this conclusion. Rather, on viewing the Breakfast Sandwich Review, it is far more likely that an ordinary observer would reach the opposite conclusion, which in turn supports Appellants' contention that the claimed subject matter is not anticipated by the Dunkin Donuts Belgian Waffle.

## **ARGUMENT**

### I. **The Board Erred by Rejecting the Claim as Anticipated by the Prior Art.**

Anticipation is a question of fact reviewed for substantial evidence. *Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1068 (Fed. Cit. 2017). In determining anticipation under 35 U.S.C. § 102(a)(1) for design patents, an ordinary observer test is used. *See Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 113, 1116–17 (Fed. Cir. 1998) (holding that "the "ordinary observer" test should be the sole test for determining whether a design patent has been infringed.). Under the ordinary observer test, infringement will not be found unless the accused article "embod[ies] the patented design or any colorable imitation thereof." *Id. see also Arminak & Assocs., Inc. v. Saint–Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir.2007).

With respect to design patents, the designs are "substantially the same, if the resemblance [between the accused device's designs and the patented designs] is

9

such as to deceive [an ordinary] observer, inducing him to purchase one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 670 (Fed. Cir. 2008) *quoting Gorham Co. v. White,* 81 U.S. 511, 528 (1871). The Federal Circuit has not "prescribed any particular form that the claim construction must take," but rather has left the design patent claim construction process up to the discretion of the trial court. *Id.* at 679–80.  In applying the ordinary observer test, the focus should be on "the overall design" of the patent. *See Int'l Seaway Trading Corp. v. Walgreens Corp.,* 589 F.3d 1233, 1239–41 (Fed. Cir. 2009).

### a.    The Ordinary Observer would find Appellants' Claimed Design Differs from the Cited Prior Art.

This court refined the ordinary observer test by characterizing the ordinary observer as being "deemed to view the differences between the patented design and the accused product in the context of the prior art." *See Egyptian Goddess,* 543 F.3d at 676. The Court explained:

> "When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer."

*Id.*

To determine whether a design patent has been infringed the court must apply a two-part test: (1) the court first construes the claim to determine its meaning and scope; (2) the fact finder then compares the properly construed claim

to the accused design. *See Elmer v. ICC Fabricating, Inc.,* 67 F.3d 1571, 1577 (Fed. Cir. 1995). In comparing the patented and accused design, the "ordinary observer" test is applied—i.e., infringement is found "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *See Egyptian Goddess, Inc.,* 543 F.3d at 670.

In *International Seaway Trading Corp. v. Walgreens Corp.* the court concluded that the ordinary observer test requires consideration of the design as a whole. 589 F.3d at 1235 ("[w]e agree with the district court that these minor variations in the shoe are insufficient to preclude a finding of anticipation because they do not change the overall visual impression of the shoe. Although the ordinary observer test requires consideration of the design as a whole.").

Regarding the rejection of Claim 1 under 35 USC § 102(a)(1) as anticipated by the Breakfast Sandwich Review, the Examining Attorney erroneously misapplied the standard set forth in *Egyptian Goddess* when she found that the Dunkin Donuts Belgian Waffle is substantially the same as that of Appellants' claimed design.

As will continue to be demonstrated by Appellants, there is no reliable evidence that the Dunkin Donuts Belgian Waffle was anything other than a

traditional double-sided waffle.  Rather, the Dunkin Donuts Belgian Waffle is not substantially the same as that of the claimed subject matter since the characteristics of the waffle differ.  Hence, an ordinary observer would <u>not</u> find the Dunkin Donuts Belgian Waffle to have the same characteristics of the Appellants' claimed subject matter.

This is demonstrated below as the claimed subject matter in question plainly differs from the cited prior art (reproduced below).

Claimed subject matter:



FIG. 1                FIG. 2



**FIG. 3**    **FIG. 4**    **FIG. 5**

Cited prior art:



smooth side
disclosed

0:48/4:57

Frame at 48 seconds into video



Frame at 50 seconds into video

As seen in Figs. 1-5 of the claimed subject matter, the one-sided waffles do not have a deformation around the edge as does the Dunkin Donuts Belgian Waffle. Moreover, as seen in the images above, the inner surfaces of the Dunkin Donuts Belgian Waffle halves are not uniformly smooth and unfeatured as are those in the claimed subject matter. Instead, the Dunkin Donuts Belgian Waffle is deformed and shows indentations opposite the ridges of the waffle. The Dunkin Donut Belgian Waffle is also flexible and has a downward sloping contour when not being supported by the reviewer's hand. Further, the Dunkin Donuts Belgian Waffle Sandwich falls apart according to the Breakfast Sandwich Review (*See* Frames 1:42 to 1:57). Hence, an ordinary observer would clearly discern the

14

difference between the claimed subject matter and the Dunkin Donuts Belgian Waffle.

Assuming, *arguendo,* the inner surfaces of the waffle halves on the Dunkin Donuts Belgian Waffle are flat, this would not be disclosed to an "ordinary observer," in this case the purchaser of the waffle. Indeed, a purchaser of the Dunkin Donuts Belgian Waffle Sandwich would not normally be motivated to take the sandwich apart to inspect the entire inner surfaces of the waffle halves, instead, a purchaser would simply eat the sandwich without ever seeing the inner surfaces of the waffle halves. Thus, the flatness or contour of the <u>entire</u> inner surface of Dunkin Donuts Belgian Waffle would not be ascertainable to the ordinary observer.

The Board therefore erroneously concluded that the Breakfast Sandwich Review anticipates the claimed subject matter. As plainly seen in the figures provided herein, it does not. An ordinary observer would find that the Appellants' claimed design and the Dunkin Donuts Belgian Waffle plainly differ in appearance and composition.

**b.    The Designs of the Claimed Invention and the Cited Prior Art are Not Substantially the Same.**

"Two designs are substantially the same if their resemblance is deceptive to the extent that it would induce an ordinary observer, giving such attention as a purchaser usually gives, to purchase an article having one design supposing it to be

the other." (*See Door-Master Corp..,* 256 F3d. at 1313-14 (Fed. Cir. 2001) *citing Gorham Mfg. Co. v. White,* 81 U.S. 511, 528 (1871).

"The comparison takes into account significant differences between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another. Just as 'minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement", so too minor differences cannot prevent a finding of anticipation. *See International Seaway Trading Corp.*, 589 F.3d at 1243.

Here, the ordinary observer would find the smooth contours of the inner surface of the claimed subject matter to differ from the deformed, irregular, and discolored surface of the Belgian Waffle Sandwich.

The Board erred when they refused to consider whether the claimed subject matter and the Dunkin Donuts Belgian Waffle are substantially the same when the resemblance is deceptive to the extent that it would induce an ordinary observer to purchase an article having one design supposing it to be the other.

Examination of FIG. 2 (top plan view indicating locations of FIGS. 8 and 9); FIG. 3 (bottom plan view); FIG. 8 (first cross-sectional view taken along line 8-8 in FIG. 2); and FIG. 9 (second cross-sectional view taken along line 9-9 in FIG. 2) clearly shows that only the top side of the waffle is waffle patterned, whereas the

<u>bottom side of the claimed waffle is flat and smooth</u>, which is the essence of the invention.

The Board therefore erred in its affirmation because the Examining Attorney failed to present an observer; ordinary or otherwise, that would confuse the flat and smooth underside of the claimed prior art with the deformed underside of the Dunkin Donuts Belgian Waffle. Simply put, the waffles are not by any means substantially similar.

Moreover, the Examining Attorney ignored the fact that any number of "ordinary observers" would likely not interpret the fuzzy and split-second glimpse of a very small portion of the inner surface of the bottom of the Dunkin Donuts Belgian Waffle congruently as being "a waffle having a waffle pattern side and a smooth side...substantially the same as that of the claimed design". Rather, the ordinary observer would find the clean lines disclosed in the claimed subject matter to substantially differ from the twisted, discolored, and deformed inner surface of the Dunkin Donuts Belgian Waffle.

Conversely, Appellants note that there is no indication of bottom side configuration of the Dunkin Donuts Belgium Waffle, and particularly no indication of that the bottom side of the Dunkin Donuts Belgium Waffle is flat and smooth.

Illustrative of this is the screen shot taken 48 seconds into the Breakfast Sandwich Review which never explicitly shows that the matching "bottom" waffle

of the Dunkin Donuts Belgium Waffle has a smooth side as the Examining

Attorney suggests.  In fact, the 50 second mark of the Breakfast Sandwich Review,

which is a much clearer and more focused frame, shows a significantly larger

portion of the Dunkin Donuts Belgium Waffle's inside surface and demonstrates

that the "bottom" waffle has a waffle pattern on both sides of the waffle element:



When the Board affirmed the Examining Attorney's rejection, they affirmed

a conclusory response that is wholly inadequate.  The Examining Attorney offers

no further justification for the rejection, merely stating that the Dunkin Donuts

Belgian Waffle "is substantially the same as that of claimed design." Appx330. As

The Examining Attorney's only support for the rejection, the Examining Attorney

argued the "video clearly discloses the smooth side of the waffle." *Id*.  The

Examining Attorney provided no further explanation regarding how the blurred

video portion of the Breakfast Sandwich Review discloses a smooth, flat contour

on the <u>entirety</u> of one surface such as that of Appellants' claimed design.

The Board's affirmation of the Examining Attorney's speculation that "the information gleaned from the perspective view that there is not enough space between the deep depressions of the waffle and the bottom of the waffle and the egg below for the waffle to be double-sided" is of no avail. Appx332. Such reasoning fails to provide any reliable or meaningful evidence to prove that the Belgian Waffle Sandwich is patterned on one side and smooth on the other. Indeed, the Examining Attorney's suggestion of the same is unsupported and contradicted 2 seconds later in that same video. As demonstrated by the screen shot taken at the 50 second mark of the Breakfast Sandwich Review, the waffle does in fact have a waffle pattern on both sides. The Board's reliance on the Examining Attorney's unsubstantiated finding led the Board to adopt a wholly unreasonable conclusion finding that "the video provides more than a scintilla of evidence that the inner side of the waffle is flat over its entire surface, and a reasonable mind would accept the video as adequate support for a finding that the inner waffle side is flat over its entire surface." Appx334. The Board's finding is clearly erroneous and not supported by the factual disclosure of the video. At the very least, the video at the 50 second mark raises serious doubts that the waffle has a flat side.

In fact, the two screen shots of interest here provide conflicting extrinsic evidence and as such each fails to "make clear that the missing descriptive matter

is necessarily present in the thing described in the reference, and that it would be recognized by persons of ordinary skill." *See Continental Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1268, (Fed. Cir. 1991).

It is difficult to reconcile that the Board would affirm the Examining Attorney's finding and not take into account the prominent feature of the novelty of a waffle sandwich constructed of waffles having a previously undiscovered smooth side. This fact is magnified exponentially when one considers the fact that the Examining Attorney's conclusion is based on a split-second out of the 4 minutes and 57 seconds of the piece in its entirety and that there is absolutely no other indication by Dunkin Donuts or anyone else of the prior existence of the novel design claimed in Appellants' present application for design patent protection.

Further, the individual reviewing the sandwich never takes the sandwich apart to show a viewer the underside of either waffle element, never comments on the fact that either of the top or bottom waffle elements has a flat side opposite the outer waffle side, and thus fails to disclose that fact in any way. The reference the Examining Attorney uses to support the assertion that the waffle inherently has a flat side therefore fails to make clear that the missing descriptive matter is necessarily present, in this case, a flat entire side opposite the waffle side. The Examining Attorney relied solely on probabilities and possibilities to arrive at the conclusion that the referenced waffle has an entire flat side.

Still further, the Board then erred by upholding the Examining Attorney's perception of the structure of the Dunkin Donuts Belgian Waffle, concluding that "the depressions are too deep and are shown at a plane too close to the bottom of the waffle for the waffle to be double-sided." This argument in no way proves that the bottom surface of the waffle is smooth.

### c. The Board Erred by Failing to Consider the Functional Features of the Prior Art in its Analysis.

When analyzing a design patent, "[w]here a [patented] design is composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental." (*See Read Corp. v. Portec. Inc.,* 970 F.2d 816, 825 (Fed. Cir. 1993). Similarly the *International Seaway Trading Corp.* court held that "the ordinary observer test requires consideration of the design as a whole." *International Seaway Trading Corp.*, 589 F.3d at 1243.

The Board failed to rule out how the functional features of the Dunkin Donuts Belgian Waffle affect the chosen ornamental design. As can be seen in the Breakfast Sandwich Review, the Dunkin Donuts Belgian Waffle's surface is uneven, roughened, and having projections, in order to grip the egg/bacon between waffle halves. The Dunkin Donuts Belgian Waffle's inner surfaces are thereby altered to conform to non-flat, non-smooth surfaces of egg/bacon after sandwich

assembly due to (i) softening of the Dunkin Donuts Belgian Waffle's inner surfaces from grease emanating from the egg and/or bacon and (ii) squeezing together the waffle halves of the sandwich by the consumer during consumption. Further, the Dunkin Donuts Belgian Waffle's inner surfaces are contoured prior to sandwich assembly to conform to non-flat, non-smooth surfaces of egg/bacon thereby making the Dunkin Donuts Belgian Waffle's inner surfaces non-flat, non-smooth in contrast to the inner surfaces of Appellants' claimed design. These functional features require design choices such that the inner surfaces of the Dunkin Donuts Belgian Waffle are irregular and deformed. This differs significantly from the ornamental design of a smooth flat inner surfaces of the claimed subject matter.

Rather than relying solely on the Examining Attorney's rendition of the prior art Breakfast Sandwich Review, the Board should have also considered how the functional characteristics of the Dunkin Donuts Belgian Waffle affected the ornamental design. If they had done so, they would have reached the conclusion that the contoured inner surfaces and flexible curved contour of the waffle product itself are a product of the design elements to hold an egg/bacon combination. This differs significantly from the non-contoured, smooth, flat and rigid inner surfaces claimed in Appellants' design.

The Board, however, failed to consider this when it reached the conclusion that "while the color of the waffle's inner side appears to depict a typical coloring/toasting/browning of a cooked waffle, such coloring is not ridges and valleys of a waffle." Appx9.  Had the Board properly considered the functional characteristics, they would have reached a conclusion that the coloring is ridges and valleys of a waffle. Thus, an ordinary observer would have noticed these ornamental features and therefore not been deceived into mistaking the Belgian Waffle Sandwich for the claimed subject matter.

## II. The Board Erred by Allowing the Examining Attorney to Rely on Inherency to Establish the Entire Inner Surface of the Dunkin Donuts Belgian Waffle.

The Examining Attorney stated "the practice of claiming a design embodied in less than the entire article was confirmed in the decision of *In re Zahn*, 204 USPQ 988 (CCPA 1980).  This practice opens to the Examining Attorney the liberty of relying upon the features of a reference embodied in less than the entire article. The Examining Attorney has done so in this rejection." Appx158.

This is a Fundamental failure of the Examining Attorney's rejection. The Examining Attorney claims *Zahn* provides "the liberty of relying on features of a reference embodied in less than the entire article. The Examining Attorney has done so in this rejection." *Id*.

This mischaracterization of Zahn and Examining Attorney's admitted use of such mischaracterization (*see Id.*) has resulted in an erroneous rejection by the Board.

In affirming the Examining Attorney's rejection, the Board allowed the Examining Attorney to make erroneous inherency arguments. By way of example, the Board stated "[w]e understand the Examining Attorney to be relying on inherency to establish the entire inner surface of each waffle will have the same smoothness/flatness as the portion revealed in the video." Appx4-5. The Board then compounds the Examining Attorney's error by concluding that "[a]lthough we agree with Appellant that the entirety of the inner side of the waffle is not disclosed . . . the Examining Attorney's finding that the inner side of the waffle is necessarily flat is supported by substantial evidence." Appx8.

The Board therefore affirmed the Examining Attorney's erroneous reliance on the decision in *In re Zahn*, 204 USPQ 988 (CCPA 1980), to identify "[t]he practice of claiming a design embodied in less than the entire article." However, the Board's reliance is likewise misplaced. To be certain, Appellants searched the *Zahn* opinion for any statement justifying the Examining Attorney's proclamation that *Zahn* "opens to the Examining Attorney the liberty of relying upon features of a reference embodied in less than the entire article." Appx158.

Unfortunately for the Examining Attorney, *Zahn* says nothing of the sort. Nor does *Zahn* involve the issue of anticipation under 35 U.S.C. § 102. Rather, *Zahn* centers on an issue arising under 35 U.S.C. §§ 112 and 171 of whether an article of manufacture was improperly rejected for indefiniteness since only a portion of the article was being claimed and the rest of this article was disclaimed. *See Zahn*, 204 USPQ at 995. In fact, as the Board of Patent Appeals and Interferences later pointed out "[t]he issues in *Zahn* was whether or not §171 permitted claiming a design for a portion of an article of manufacture, a drill tool." *Ex Parte Donaldson*, 26 USPQ 2d 1250 (Bd. Pat. App. & Int. 1992).

The underlying circumstances in *Zahn* are completely different from the present situation. The *Zahn* Court found the claim of a design patent application for ornamental design for a drill tool was improperly rejected for indefiniteness and further, that the rejection based on the grounds that claimant had disclaimed the cutting portion of the claimed drill tool and only the shank portion, rather than the entire tool, was being claimed was also improper. The question was whether a patent could issue for a design for only part of a displayed entire article; the court held that it could. By sharp contrast, here the Examining Attorney rejected a design invention based on a blink of an eye glimpse at a purported small portion of an indefinite design feature. This differs sharply from the facts in *Zahn* because here

25

the Examining Attorney relied on split-seconds of a review video to anticipate the Appellants' claimed design.

The reference the Examining Attorney used to support the assertion that the Dunkin Donuts Belgian Waffle inherently has a flat side failed to clearly establish that the missing illustrative matter is necessarily present.  Indeed, the Examining Attorney relies on a single grainy frame of a lengthy video review, showing only a minimal portion of the Dunkin Donut Belgian Waffle's inner surface to argue the Breakfast Sandwich Review definitively illustrates a feature (smoothness over the entire surface) vital to the survival of the Examining Attorney's rejection. The Examining Attorney then misapplied the holding of *Zahn* to support this contention.

Appellants reiterate that <u>neither the Board nor the Examining Attorney have ever seen a clear picture of the storied small portion of the scrutinized waffle relied upon here, let alone the entire underside of the Dunkin Donuts Belgian Waffle allegedly depicted in the subject video review</u>, and thus no informed comparison can be made between the underside of the Dunkin Donuts Belgian Waffle and Appellants' uniformly smooth, unfeatured waffle surface as shown in Appellants' FIG. 3.

The Board then allowed the Examining Attorney to confuse *Zahn* with inherency to support the rejection of Appellants' <u>entire</u> design based on a blurred disclosure of <u>portions</u> of the Dunkin Donuts Belgian Waffle. Appx333. Yet to rely

on inherency, "[the] examiner must provide a basis in fact and/or technical reasoning to reasonably support the determination that the alleged inherent characteristic <u>necessarily</u> flows from the teachings of the applied prior art." *Ex Parte Levy*, 17 USPQ 2d 1461, 1464 (1990).  The Examining Attorney did not and the Board thus reached an erroneous conclusion of anticipation.

### III.    The Extrinsic Evidence Does Not Make Clear that the Missing Descriptive Matter is Necessarily Present in the Prior Art Reference.

MPEP, 2131.01, III states: "[t]o serve as an anticipation when the reference is silent about the asserted inherent characteristic, such gap in the reference may be filled with recourse to extrinsic evidence.  Such evidence *must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill*." (Emphasis added).

Neither the Examining Attorney nor the Board provided any reliable evidence that the Belgian Waffle Sandwich was anything other than a traditional double-sided waffle.  The Examining Attorney attempted to cure this defect by relying on so-called "extrinsic" evidence to support the rejection of the claimed subject matter alleging that "[t]he 'top' waffle used as a reference does not explicitly show the flat side opposite to the outer waffle side, but the matching 'bottom' waffle having a waffle pattern and a smooth side shows the smooth side 48 seconds into the video, providing extrinsic evidence that the sides opposite the waffle pattern sides are smooth." Appx333.

It is of great importance to the present case that the verdict in *Continental Can Co. USA* is unequivocal: "Such [extrinsic] evidence must <u>make clear that the missing descriptive matter is necessarily present in the thing described in the reference</u>...". *Continental Can Co. USA*, 948 F.2d at 1268. (emphasis in original). The Examining Attorney admitted that "the 'top' waffle used as a reference does not explicitly show the flat side opposite to the outer waffle side, but [extrapolates that] the matching 'bottom' waffle...shows the smooth side 48 seconds into the video, providing extrinsic evidence that the sides opposite the waffle pattern sides are smooth." Appx333.

Without presenting any supporting evidence, the Board erroneously affirmed the Examining Attorney's contention that the "top" and "bottom" waffles are either "matching" or identical, and that therefore the top waffle may be used to infer structure in the bottom waffle. However, the rejection is based on a fuzzy single frame of a lengthy video review of an unrelated product that the Examining Attorney admits presents only a small portion of the bottom waffle. Notwithstanding, the Examining Attorney never addressed Appellants' contention that this portion is simply not up to the task. The Examining Attorney's inference without concrete proof is not proof at all. It is nothing more than a convenient inference used to bolster a flimsy argument.

Appellants respectfully submit that the so-called extrinsic evidence is extremely weak because: a) it appears for less than a second in the video, b) the video quality is poor, blurry, unclear, and unfocused at that point, c) the reviewer's only discussion even relating to the waffles concerns their flimsiness, and d) as demonstrated and discussed in detail below the only relatively clear shot of the waffles' inside surface appears in a frame found at the 50 second mark of this same video.  The Examining Attorney's interpretation of the picture presented is based entirely on conjecture and runs afoul of what the Federal Circuit precisely cautioned against; warning that "[t]he mere fact that a certain thing *may* result from a given set of circumstances is not sufficient." *Continental Can Co. USA*, 948 F.2d at 1264 (emphasis in original).

The fact remains uncontested and unchallenged that the individual reviewing the Belgian Waffle Sandwich never takes the sandwich apart to show a viewer the underside of either waffle element, never comments on the Examining Attorney's supposed fact or so much as indicates that either of the top or bottom waffle elements has a flat side opposite the outer waffle side.  Further, the reference the Examining Attorney used to support the assertion that the waffle inherently has a flat side failed to make clear that the missing descriptive matter is necessarily present, in this case, a flat side opposite the waffle side.  The Examining Attorney then tried to cure this deficiency by relying on "extrinsic

evidence," without providing a scintilla of acceptable evidence, video or otherwise.

In affirming the Examining Attorney's rejection the Board relied solely on speculative probabilities and possibilities to arrive at the conclusion that the referenced waffle has a flat side. This resulted in the erroneous conclusion that the claimed ornamental design for a waffle having a waffle pattern side and a smooth side as shown and described is not patentable, when in fact the cited prior art does not disclose all the design features and its functional characteristics would necessitate a differing ornamental design from the claimed subject matter.

**IV.    The Board Erred By Failing to Consider United States Patent Application Number 15/168,768 in Determining the Priority Date of Appellants' Invention.**

The present invention was constructively reduced to practice nearly three months before the initial publication of the Breakfast Sandwich Review on August 30, 2016. More precisely, United States Utility Patent Application, Serial Number 15/168,768, filed May 31, 2016 by the same inventors as those here (the "'768 Appl."), discloses an "Asymmetrically Patterned Baked Bread Food". The '768 Appl. was published by the USPTO on November 30, 2017 as US 2017/0339965. This '965 publication inexplicably was not discovered by the Examining Attorney at any point during examination and prosecution of the Appellants' claimed design. The Examining Attorney's reference occurred after the invention had been reduced

to practice on May 31, 2016 several months before the date of the cited prior art of August 30, 2016.  The Examining Attorney's prior art reference should therefore be disqualified and Appellants' invention allowed.

## CONCLUSION

For the reasons set forth above and in the interest of justice and equity the Board's decision affirming the rejection of Appellants' claimed invention should be reversed. In the alternative, the Appellants respectively request that this Court remand this matter to the USPTO for further prosecution and consideration of the issues raised herein.

## REASONS TO GRANT ORAL ARGUMENT

Appellant asserts that oral argument should be granted because, as discussed above, there are fundamental issues of law that need to be resolved.

Respectfully submitted,

*/s/ Todd S. Sharinn*
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
1011 High Ridge Road, Suite 305
Stamford, Connecticut 06905
(203) 295-7276

*Attorneys for Appellants*

ADDENDUM

# <u>TABLE OF CONTENTS</u>
**Addendum**

**Page**

**PTAB Decision on Appeal**
    **filed September 2, 2021** ....................................................................... **Appx1**

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

*Ex parte* JUSTIN SAMUELS and SAMUEL ROCKWELL

————————

Appeal 2021-002973
Application 29/577,270
Technology Center 2900

————————

Before JOHN C. KERINS, JILL D. HILL, and CYNTHIA L. MURPHY, *Administrative Patent Judges.*

HILL, *Administrative Patent Judge.*

DECISION ON APPEAL

STATEMENT OF THE CASE

Pursuant to 35 U.S.C. § 134(a), Appellant[1] appeals from the Examiner's decision to reject the single design claim pending in this appeal. We have jurisdiction under 35 U.S.C. § 6(b). A video hearing was held on August 26, 2021.

We AFFIRM.

---

[1] We use the word Appellant to refer to "applicant" as defined in 37 C.F.R. § 1.42(a). Appellant identifies the inventors, Justin Samuels and Samuel Rockwell, as the real parties in interest. Appeal Br. 1.

Appeal 2021-002973
Application 29/577,270

## BACKGROUND

The claim on appeal is "the ornamental design for a waffle having a waffle pattern side and a smooth side as shown and described."

## REFERENCES

| Name | Reference | Date |
|------|-----------|------|
| Dunkin Donuts Belgian Waffle Sandwich | https://www.youtube.com/watch?v=TN9kBtgTqxM | August 30, 2016 |

## REJECTIONS

I.     The claim stands rejected under 35 U.S.C. § 102(a)(1) as anticipated by the Dunkin Donuts Belgian Waffle Sandwich.  Final Act. 2.

## ANALYSIS

The Examiner finds that "[t]he appearance of the waffle having a waffle pattern side and smooth side of the Dunkin Donuts Belgian Waffle Breakfast Sandwich is substantially the same as that of the claimed design." Final Act. 3.  The Examiner provides the following annotated side-by-side comparison of Figure 1's perspective view of the claimed design (left side) and a similar perspective view of the Dunkin Donuts Belgian Waffle Sandwich (right side).

2

**Appx2**

Appeal 2021-002973
Application 29/577,270



*FIG. 1*
claimed design



Dunkin Donuts
Belgian Waffle Breakfast Sandwich
Review #328

Final Act. 3.

The Examiner finds that the Dunkin Donuts Belgian Waffle
Sandwich, like the claimed design, has a waffle pattern side and smooth
side. *Id.* The Examiner contends that, in the video, we can see that the
bottom waffle has a waffle pattern side and a smooth side, the smooth side
being revealed "48 seconds into the video, providing . . . evidence that the
sides opposite the waffle pattern sides are smooth." *Id.* at 4–5. The
Examiner provides the following annotated screen shot from 48 seconds into
the video.

3

**Appx3**

Appeal 2021-002973
Application 29/577,270



Final Act. 5.

According to the Examiner, the proffered views of the Dunkin Donuts Belgian Waffle Sandwich provide evidence of "not only what is seen," but what can be gleaned therefrom. *Id*. The Examiner contends that "you can easily understand that the [Dunkin Donuts Belgian Waffle Sandwich] has a flat bottom, because of the location of the bottoms of the depressions and location of the edges of the waffle in reference to the egg underneath of it." *Id*. The Examiner reasons that "[t]he depressions are too deep and are shown at a plane too close to the bottom of the waffle for the waffle to be double-sided." *Id*. at 5–6. The Examiner, to some extent, relies on inherency to establish the flat inner surface of the waffle. Ans. 7 ("Inherency has been properly used to establish the appearance of the waffle so that the entire design can be easily understood."). We understand the Examiner to be relying on inherency to establish that the entire inner surface

4

**Appx4**

Appeal 2021-002973
Application 29/577,270

of each waffle will have the same smoothness/flatness as the portion
revealed in the video.

Appellant argues that, in the pending anticipation rejection, "the
Examiner is the only 'ordinary observer' and she has never indicated seeing
or relied upon an actual Dunkin Donuts Belgian Waffle Breakfast
Sandwich." Appeal Br. 5. It is unclear, from this argument, whether
Appellant takes issue with the Examiner (1) not identifying who the ordinary
observer is, (2) not considering the viewpoint of a hypothetical ordinary
observer, (3) placing herself in the role of the ordinary observer when she is
not one, and/or (4) considering the video as evidence instead of buying an
actual sandwich. In any event, Appellant fails to explain who the ordinary
observer is, why the Examiner is not an ordinary observer, and/or how the
Examiner's viewpoint differs from that of an ordinary observer. In addition,
we discern no error in the Examiner relying on a video rather than
purchasing an actual sandwich as evidence. Still further, the Examiner did
not err in relying on (1) a single frame of a video with, perhaps, imperfect
focus or (2) a video that was "a negative review." *See id*. The Dunkin
Donuts Belgian Waffle Breakfast Sandwich reference is prior art for all that
it reasonably discloses, regardless of whether the disclosure was intended to
convey a negative or positive review.

Appellant next notes that "[t]he reviewer . . . failed to mention or even
infer that the waffles' inner sides are flat," and that the flat inner sides are a
novel feature the reviewer would have mentioned if they existed. Appeal
Br. 6, 7 ("the person presenting his review is not at all interested in the
inside surface of the waffle sandwich; more likely than not, because the
inside surface . . . [is] no different than . . . the outside surface"). But the

5

**Appx5**

Appeal 2021-002973
Application 29/577,270

reviewer's lack of audio commentary does nothing to undermine the
Examiner's position that the video visually evidences a waffle with a flat
inner side.  Further, after making this argument, Appellant then alleges,
almost contradictorily, that "fast food sandwich consumers are very unlikely
to open their sandwich to inspect the inside surface of the bread product."
*Id*.  Be this as it may, such an allegation fails to identify error in the
Examiner's finding that the video visually evidences a waffle with a flat
inner side.

Appellant next argues that the Examiner's anticipation rejection "must
be based on more substantial and compelling evidence."  Appeal Br. 7.
Appellant contends that that the Examiner's proffered video evidence is "so
unclear, unlikely and insubstantial that" other ordinary observers "would be
unlikely to interpret this glimpse as" establishing the smooth inner side as
claimed.  *Id*.  Appellant argues that "the reviewer in the video never takes
the sandwich apart to show [the inner side of either] waffle element," and
never comments on the inner side, such that the review fails to disclose the
inner side of the waffle element being flat.  *Id*.  Appellant contends that the
video evidence

> is extremely shaky because: a) it appears for less than a second
> in the video, b) the video quality is poor, blurry, unclear, and
> unfocused at that point, c) the reviewer's only discussion even
> relating to the waffles concerns their flimsiness, and d) . . . the
> only relatively clear shot of the waffles' inside surface appears
> in a frame found at the 50 second mark of this same video.

*Id*.

Appellant then argues that "neither the Appellants nor the Examiner
have ever seen the entire underside of the Dunkin Donuts Waffle depicted in
the subject video review," such that "no informed comparison can be made

6

**Appx6**

Appeal 2021-002973
Application 29/577,270

between the underside of the 'Dunkin Donuts' waffle and Appellants' uniformly smooth, unfeatured waffle surface" can be made. *Id.* at 9, 10 ("The fact remains uncontested and unchallenged that the individual reviewing the Dunkin Donuts Belgian Waffle Breakfast Sandwich never takes the sandwich apart to show a viewer the underside of either waffle.").

According to Appellant, the Examiner has to rely on inherency to establish the inner side of the waffle being flat, and establishing inherency requires that the video "make clear that the missing descriptive matter is necessarily present." *Id.* at 8 (citing *Continental Can Co. v. Montsanto Co.*, 948 F.2d 1264 (Fed. Cir. 1991)). Appellant argues that the Examiner's findings regarding the disclosure of the Dunkin Donuts Belgian Waffle Sandwich are, instead, speculative and "based entirely on conjecture and runs afoul of" the Federal Circuit's requirement that inherent subject matter be "necessarily present." *Id.* at 8–9, 11 ("The Examiner relies solely speculative probabilities and possibilities to arrive at her conclusion that the referenced waffle has a flat side.").

Appellant contends that the image at the 50 second mark of the Dunkin Donuts Belgian Waffle Sandwich video provides a larger, "much clearer and more focused" image than the Examiner's proffered image from the 48 second mark of the video, and shows the inner surface of the bottom waffle having "a waffle pattern" thereon. Appeal Br. 11, 12 ("the waffle does in fact have a waffle pattern on both sides."). Appellant disagrees with the Examiner's reasoning that the depth of the depressions on the top of the waffle and the placement of the egg underneath the waffle lead to a conclusion that the inner surface of the waffle is flat, and contends that this reasoning is insufficient "to establish that the waffle [has] a flat side

7

**Appx7**

Appeal 2021-002973
Application 29/577,270

opposite the waffle side." *Id.* at 12.  At the very least, Appellant argues, the image at the 50 second mark of the video "raises serious doubts" that the inner surface of the waffle is flat. *Id.*

The Examiner maintains that "[t]he portion shown in the video is enough to prove that [the inner] side is flat and not waffle patterned like the opposite side." Ans. 7.

Anticipation is a question of fact, including whether an element is inherent in the prior art, and inherent anticipation must be supported by substantial evidence.  *See In re Gleave*, 560 F.3d 1331, 1334–35 (Fed. Cir. 2009); *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000).  "Substantial evidence is something less than the weight of the evidence but more than a mere scintilla of evidence," and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000); *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938).

We have carefully considered every argument made by Appellant. Considering the entirety of the disclosure of the Dunkin Donuts Belgian Waffle Sandwich video, we find that the Examiner's position better aligns with the evidence of record.  Although we agree with Appellant that the entirety of the inner side of the waffle is not disclosed in the Dunkin Donuts Belgian Waffle Sandwich video, the Examiner's finding that the inner side of the waffle is necessarily entirely flat is supported by substantial evidence. That is, the video provides more than a scintilla of evidence that the inner side of the waffle is flat over its entire surface, and a reasonable mind would accept the video as adequate support for a finding that the inner waffle side is flat over its entire surface.

8

**Appx8**

Appeal 2021-002973
Application 29/577,270

Watching the video, we first note that a side view of the waffle
suggests that its inner surface is flat, as the edge of the waffle from the side
view is linear and lies flush against the egg. Next, as the reviewer opens the
sandwich, it can be seen that the egg is flat, which suggests that the inner
side of the waffle is, likewise, flat. Then, as the waffle sags at about the 48
second mark, the sandwich opens somewhat, and it can be seen that the inner
side is, as suggested, flat. While the color of the waffle's inner side appears
to depict a typical coloring/toasting/browning of a cooked waffle, such
coloring is not ridges and valleys of a waffle. For these reasons, the
Examiner's inherent anticipation rejection is supported by substantial
evidence. A reasonable mind viewing the video would agree with the
Examiner that the inner side of the waffle is flat. While the "necessarily"
standard to establish inherency is high, the evidence presented by the video
is substantial.

Appellant lastly argues that the claimed design was reduced to
practice three months before the initial publication date (August 30, 2016) of
Dunkin Donuts Belgian Waffle Sandwich. Appeal Br. 13. According to
Appellant, proof of this reduction to practice resides in US Patent
Publication No. 2017/0339965 A1, filed May 31, 2016 ("the '965
publication"). Appeal Br. 13. The most relevant image from the '965
Publication is Figure 4, reproduced below, showing the asymmetrically
patterned planar bread food 200 within the cooking apparatus.

9

**Appx9**

Appeal 2021-002973
Application 29/577,270



Appellant contends that the '965 Publication establishes a constructive reduction to practice of the claimed design by claiming an asymmetrical planar bread food product having a first basked surface with a waffle pattern and second baked surface that is smooth. Appeal Br. 14. Appellant submits a Declaration to this effect as Evidence Appendix Exhibit C.

The Examiner responds that this argument is not persuasive because "it is no longer possible to antedate or 'swear behind' certain prior art disclosures by making a showing under 37 CFR § 1.131 that the applicant invented the claimed subject matter prior to the effective date of the prior art disclosure." Ans. 8 (citing MPEP 2152.01). As we understand it, for Appellant to remove the video from the realm of available prior art against the instant application, Appellant must establish that its effective filing date precedes the effective date of the video as a publication.

Whether or not Appellant can swear behind the Dunkin Donuts Belgian Waffle Sandwich video, we are not persuaded by Appellant's argument. We note that the '965 Publication does not show either the "inner" or "outer" surface of the actual waffle produced by the device of its cooking apparatus 10 to discern whether the ornamental design thereof is the same and, thus, whether the design currently claimed was reduced to practice. Lacking such a disclosure, the '965 Publication cannot establish

10

**Appx10**

Appeal 2021-002973
Application 29/577,270

reduction to practice of the claimed design. Appellant's Declaration under
37 CFR § 1.131, attesting to a constructive reduction to practice, relies on
the '965 Publication and, likewise, does not establish that the design
currently claimed was reduced to practice. Further, it is unclear how the
inventor determined that the '965 Publication "constitutes a legal
constructive reduction to practice" of the claimed design. *See* Exhibit C, ¶ 6.
Further, missing from the proffered evidence is a depiction of the waffles
produced by the apparatus of the '965 Publication, nor those allegedly sold
on June 20, 2016, to discern whether they have the same appearance as the
claimed design. *See id.* ¶ 7.

For the reasons set forth above, we sustain the Examiner anticipation
rejection.

## DECISION SUMMARY

In summary:

| Claim(s) Rejected | 35 U.S.C. § | Reference(s)/Basis | Affirmed | Reversed |
|---|---|---|---|---|
| 1 | 102(a)(1) | Dunkin Donuts Belgian Waffle Sandwich | 1 | |

No time period for taking any subsequent action in connection with
this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R.
§ 1.136(a)(1)(iv).

## AFFIRMED

**Appx11**

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on February 15, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

/s/ Todd S. Sharinn
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
*Attorneys for Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(f) and Fed. Cir. R. 32(b)(2) because:

    this brief contains <u>6,397</u>, excluding the parts of the brief exempted by
Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(f) and the type style requirements of Fed. R. App. P. 32(b)(2) because:

    this brief has been prepared in proportionally space typeface using
<u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

<u>/s/ <i>Todd S. Sharinn</i></u>
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
*Attorneys for Appellants*
