# 2022-1121

In The

# United States Court of Appeals
## For The Federal Circuit

## In re: JUSTIN SAMUELS,
## SAMUEL ROCKWELL

*Appellants.*

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE
ORIGINATING CASE NO. 29/577,270**

_____

### REPLY BRIEF OF APPELLANTS

_____

**Todd S. Sharinn
GILBRIDE, TUSA, LAST, &
  SPELLANE LLC
31 Brookside Drive
Greenwich, CT 06830
(203) 542-8418
tss@gtlslaw.com**

*Counsel for Appellants*

*Gibson*MOORE Appellate Services
206 East Cary Street ❖ P.O. Box 1460 (23218) ❖ Richmond, Virginia 23219
(804) 249-7770 ❖ www.gibsonmoore.net

# 2022-1121

## <u>CLAIM LANGUAGE</u>

1.    The ornamental design for a waffle having a waffle pattern side and a smooth side as shown and described.

*GibsonMoore* Appellate Services
206 East Cary Street ❖ P.O. Box 1460 (23218) ❖ Richmond, Virginia 23219
(804) 249-7770 ❖ www.gibsonmoore.net

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................... ii

SUMMARY OF THE ARGUMENT ....................................................... 1

ARGUMENT ............................................................................................ 2

I.    The USPTO's Arguments for Anticipation Are Unsupported
Factual Assertions and a Misreading of the Relevant Case Law ............. 2

    A.    The Board Misapplied the Doctrine of Inherency to
Find Anticipation ................................................................. 2

        i.    The Prior Art Does Not Disclose a Smooth Inner Side of
the Waffle Sandwich ................................................... 3

        ii.  The Examining Attorney and the USPTO Erred in
Speculating about the Invisible Remainder of the Waffle .......... 5

        iii. The Examining Attorney's and the USPTO's Reliance
on a Single Blurry Image of a Waffle Sandwich with a
Mostly Invisible Inner Section as the Sole Prior Art Is
Clearly Erroneous ...................................................... 8

        iv. Upholding the USPTO's Improper Application of the
Inherency Doctrine Undermines the Spirit and Intent of
the U.S. Patent Laws ................................................... 10

    B.    The Kennametal Line of Cases Does Not Apply to
This Matter. ....................................................................... 10

II.   Appellants Should Be Permitted to Antedate the Prior Art ....................... 13

III.  Conclusion ............................................................................. 16

CERTIFICATE OF FILING AND SERVICE ............................................ 17

CERTIFICATE OF COMPLIANCE ........................................................ 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arbutus Biopharma Corporation v. ModernaTX, Inc.*,
  2023 WL 2876820 (Fed. Cir. Apr. 11, 2023) ................................................... 2

*Blue Calypso, LLC v. Groupon, Inc.*,
  815 F.3d. 1331 (Fed. Cir. 2016) .................................................... 11

*Chamberlain Group, Inc. v. Techtronic Industries Co.*,
  935 F.3d 1341 (Fed. Cir. 2019) .................................................... 13

*In re Chudik*,
  674 Fed. App'x. 1011 (Fed. Cir. 2017) .......................................... 8

*Continental Can Co. USA, Inc. v. Monsanto Co.*,
  948 F.2d 1264 (Fed. Cir. 1991) .................................................... 7

*Curver Luxembourg, SARL v. Home Expressions Inc.*,
  938, F.3d 1334 (Fed. Cir. 2019) ................................................... 15

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
  640 Fed. App'x. 951 (Fed. Cir. 2016) .................................... 7, 8, 10

*Kennametal, Inc. v. Ingersoll Cutting Tool Co.*,
  780 F.3d 1376 (Fed. Cir. 2015) ............................... 6, 10, 11, 12, 13

*Monsanto Technology LLC v. E.I. DuPont de Nemours & Company*,
  878 F.3d 1336 (Fed. Cir. 2018) ............................................. 2, 3, 8

*In re Montgomery*,
  677 F.3d 1375 (Fed. Cir. 2012) .................................................... 6

*Sealy Technology, LLC v. SSB Manufacturing Company*,
  825 Fed. App'x. 795 (Fed. Cir. 2020) ...................................... 9, 10

ii

*Trintec Indus., Inc. v. Top-U.S.A. Corp.*,
   295 F.3d 1292 (Fed. Cir. 2002) ...........................................................2, 3, 6, 9

*Univ. of Rochester v. G.D. Searle & Co., Inc.*,
   358 F.3d 916 (Fed. Cir. 2004) ......................................................................15

**Statutes**

35 U.S.C. § 102(a)(1) .........................................................................................1, 2

Amendments to America Invents Act ......................................................................14

# SUMMARY OF THE ARGUMENT

In determining the Appellants' claimed invention to be inherently anticipated under 35 USC § 102(a)(1), the United States Patent and Trademark Office ("USPTO") and its Examining Attorney of record improperly relied on a single blurry frame of an amateur video product review as its sole prior art reference. Adding insult to injury, the Board affirmed the Examining Attorney's improper reliance on speculation as to the texture of the hidden portion of the waffle to support their erroneous application and extension of the doctrine of inherency.

In response, the USPTO argues the Examining Attorney cited substantial evidence that demonstrates the prior art waffle sandwich has an entirely smooth inner section. The USPTO claims that the disclosed part of the waffle sandwich is smooth (notwithstanding the visual evidence to the contrary), and therefore the hidden portion must necessarily be smooth as well. However, the only evidence presented by the USPTO and the Examining Attorney, which is anything but substantial, is the much storied one-second-long clip of the grainy amateur video review.

Appellants assert that the USPTO's cited evidence fails to satisfy the stringent requirements of inherent anticipation and that the failure of this Tribunal to find otherwise creates dangerous precedent for future inventors faced with

similar challenges by providing the USPTO with rights that will far exceed the intent of the doctrine of inherency.

## ARGUMENT

### I. The USPTO's Arguments for Anticipation Are Unsupported Factual Assertions and a Misreading of the Relevant Case Law.

A. The Board Misapplied the Doctrine of Inherency to Find Anticipation.

The United States Patent and Trademark Office (the "USPTO") misconstrued, misapplied, and improperly expanded the doctrine of inherency to erroneously support its rejection of Claim 1 as anticipated under 35 U.S.C. § 102(a)(1). "A claim is anticipated if each and every element as set forth in the claim is found, either expressly or inherently, in a single prior art reference." *Arbutus Biopharma Corporation v. ModernaTX, Inc.*, 2023 WL 2876820 (Fed. Cir. Apr. 11, 2023).

In reaching its determination, the USPTO admitted it relied on the inherency doctrine. *See* Appx4. However, "[i]nherent anticipation requires that the missing descriptive material is '*necessarily present*,' not merely probably or possibly present, in the prior art." *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002) (emphasis added). In cases like the one at hand, the Federal Circuit reviews "the PTAB's factual findings for substantial evidence and its legal conclusions *de novo*. Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Monsanto*

*Technology LLC v. E.I. DuPont de Nemours & Company*, 878 F.3d 1336, 1340-41 (Fed. Cir. 2018) (internal quotations and citations omitted).

> i. The Prior Art Does Not Disclose a Smooth Inner Side of the Waffle Sandwich.

The prior art relied upon by the USPTO fails to teach the limitations of Claim 1, viz., "the ornamental design for a waffle having a waffle pattern side and a smooth side." *See* Appx2. Rather, in support of its erroneous conclusion, the USPTO relies on a single blurry frame of a YouTube video review (the "Video Review") to prove that the entire inner surface of the Dunkin Donuts Belgian Waffle Sandwich is smooth. *See* Appx4.

As a threshold matter, the disclosed inner side of the waffle sandwich is not smooth. *See* Appx4. Even as depicted at the 0:48 second mark of the Video Review, the inner surface of the waffle contains subtle grooves, lumps, and indentations, which the USPTO is incapable of realistically denying or explaining away. *See id.* The image visible at the 0:50 second mark of the same Video Review, a portion that the USPTO conveniently ignores, still more clearly discloses impressions in the inner surface of the waffle. *See* Appellants' Brief at 18. As a result, the prior art relied upon by the Examining Attorney and the USPTO does not teach the limitations of Claim 1. *See id*; *see also Trintec*, 295 F.3d at 1295.

In asserting otherwise, the USPTO erroneously contends that "spatial limitations" demonstrate that the inner sides of the waffle are smooth:

> [T]he Examiner explained that the observed spatial limitations created by the deep depressions that extend from the top side to the edge of the bottom surface and the flush, close contact with the flat egg filling required that the bottom (inner) surface be smooth and flat along the entirety of the inner surface.

*See* Appellee's Brief at 32.

However, the USPTO's argument presupposes that the inner side of the waffle sandwich must feature the same-sized ridges as the outer side, failing which the inner side must be smooth. *See id.* In so doing, the USPTO overlooked and improperly foreclosed the high likelihood that the inner side of the waffle contains shallower ridges and depressions or different patterns altogether than those present on the outer surface, thus making the inner side anything but uniformly smooth. *See id*; *see also* Appx4.

While the Examining Attorney and the USPTO interchangeably used the terms "smooth" and "flat" in their analysis of the prior art, Claim 1 of the '270 Application is expressly directed to a waffle with a "smooth side," not a "flat side." *See, e.g.*, Appellee's Brief at 13-14; *see also* Appx2. However, a surface may be flat, or level, while still having impressions or indentations. Thus, Appellants respectfully submit that the Examining Attorney and the USPTO erred in failing to sufficiently consider whether the inner surface of the waffle sandwich was

4

uniformly "smooth," instead of "flat." *See, e.g.*, Appellee's Brief at 14-15 ("[T]he PTAB found that in the video, 'as the waffle sags . . . it can be seen that the inner side is, as suggested, flat . . . the inner side of the waffle is, likewise, flat.'").

Further, the Examining Attorney's findings with respect to the positioning of the egg filling in the waffle sandwich do not support the USPTO's determination of inherent anticipation. *See* Appellee's Brief at 32. The USPTO concluded that the "flush, close contact" between the egg filling and the waffle indicated that "the inner side of the waffle is necessarily entirely flat." *See id.* at 28, 32. But the Examining Attorney overlooked that egg fillings of the sort offered by Dunkin Donuts and similarly situated fast-food breakfast sandwich provisioners are invariably flat and firm, and remain so regardless of the texture of the surfaces that enclose them. *See id*. The ordinary observer would recognize that the egg filling would occupy the same position regardless of whether the inner surfaces of the waffle sandwich were smooth, lumpen, or ridged. *See* Appx4. Thus, the Examining Attorney's findings with respect to the egg filling do not constitute substantial evidence in support of the USPTO's determination of inherent anticipation. *See id.*

    ii. The Examining Attorney and the USPTO Erred in Speculating about the Invisible Remainder of the Waffle.

Even if this Court upholds the USPTO's finding that the prior art discloses a smooth inner portion of the Dunkin Donuts Belgian Waffle, the USPTO erred in using inherency to speculatively ascribe that quality to the rest of the waffle. It is

notable that, in its briefing papers, the USPTO urges this Court to view this matter

through the lens of *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376,

1383 (Fed. Cir. 2015), instead of through the "rubric of the inherency doctrine."

*See* Appellee's Brief at 30. In so doing, the USPTO appears to be tacitly

acknowledging that the inherency doctrine is insufficient to support its finding of

anticipation and instead proposing that this Court weigh an entirely separate legal

justification for anticipation than the one considered by the Board. *See id.*; *see also*

Appx1-11.

The lacuna in the USPTO's reasoning is its failure to explain how the

"missing descriptive material is 'necessarily present,' not merely probably or

possibly present, in the prior art." *See Trintec*, 295 F.3d at 1295. In other words,

the USPTO has never articulated why its findings *impel* the conclusion that the

inner surfaces of the waffle sandwich are *necessarily* smooth. *See In re*

*Montgomery*, 677 F.3d 1375, 1380 (Fed. Cir. 2012) (holding "a result is only

inherent if it inevitably flows from the prior art disclosure").

In its decision, the PTAB addressed the subject as follows:

> Although we agree with Appellant that the entirety of the
> inner side of the waffle is not disclosed in the Dunkin
> Donuts Belgian Waffle Sandwich video, the Examiner's
> finding that the inner side of the waffle is necessarily
> entirely flat is supported by substantial evidence. That is,
> the video provides more than a scintilla of evidence that
> the inner side of the waffle is flat over its entire surface,
> and a reasonable mind would accept the video as adequate

> support for a finding that the inner waffle side is flat over
> its entire surface.

*See* Appx8.

The foregoing illustrates the longstanding flaw in the USPTO's reasoning. *See id.* The first sentence states, in conclusory fashion, that substantial evidence indicates the inner side of the waffle sandwich is "necessarily entirely flat." *See id.* However, the second sentence backtracks, allowing only that the Examining Attorney's findings show "that the inner waffle side is flat over its entire surface." *See id.* In so doing, the USPTO omitted the inherency doctrine's requirement that the inner waffle side must necessarily be smooth over its entire surface. *See id.*; *see also Howmedica Osteonics Corp. v. Zimmer, Inc.*, 640 Fed. App'x. 951, 957 (Fed. Cir. 2016) (holding "there are strict requirements before a finding of inherent anticipation is made. Indeed, inevitability is at the heart of anticipation; that a certain thing may result from a given set of circumstances is not sufficient.") (quotations omitted).

The Examining Attorney's and the USPTO's cited evidence does not support the proposition that the waffle's inner sides are potentially or even probably smooth. *See* Appx4. Even if it did, those findings are insufficient since "[i]nherency may not be established by probabilities or possibilities. The mere fact that a certain thing *may* result from a given set of circumstances is not sufficient." *Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1269 (Fed. Cir. 1991) (quotations omitted) (emphasis in original).

Neither the Examining Attorney nor the USPTO has ever explained why the disclosed portion of the prior art waffle makes it inevitable that the hidden portion of the waffle must be uniformly smooth. *See* Appellee's Brief at 32-33. Nor has the Examining Attorney or the USPTO cited any evidence that would lead a reasonable mind to accept it as adequate proof that the entire inner portion is necessarily smooth. *See Monsanto*, 878 F.3d at 1340-41. Indeed, it is difficult to envision how the "reasonable mind" could reach such a conclusion, since the image visible at the 0:50 mark of the Video Review discloses an inner surface with impressions and indentations that directly controvert the USPTO's claims. *See* Appellant's Brief at 14.

In view of the foregoing, it is inescapable that the USPTO failed to provide a reasonable justification for its finding of anticipation. *See In re Chudik*, 674 Fed. App'x. 1011, 1016 (Fed. Cir. 2017). Rather, in reaching its erroneous conclusion, the USPTO has engaged in extensive speculation and conjecture, thereby failing to satisfy the inherency doctrine's "strict requirements." *See Howmedica*, 640 Fed. App'x. at 957.

> iii. The Examining Attorney's and the USPTO's Reliance on a Single Blurry Image of a Waffle Sandwich with a Mostly Invisible Inner Section as the Sole Prior Art Is Clearly Erroneous.

No precedent exists that would support the USPTO's arguments of inherent anticipation when, as in the present scenario, the prior art reference is as fuzzy and

heavily obscured as in the instant case. In defense of the same, the USPTO cites

*Sealy Technology, LLC v. SSB Manufacturing Company*, 825 Fed. App'x. 795, 800

(Fed. Cir. 2020), for the proposition that "a fact-finder may rely on the appearance

that is partially obscured or obstructed when determining the overall appearance of

the design and obstructed feature." *See* Appellee's Brief at 24. However, as

explained in greater detail immediately below, the USPTO's reliance on *Sealy* is

misplaced and to a degree counterintuitive since that case involved an obviousness

analysis, not an inherent anticipation analysis, and the latter entails a different

standard. *See* 825 Fed. App'x. at 799; *see also Trintec*, 295 F.3d at 1295.

The obstruction at issue in *Sealy* was a small blanket that "obscured"

perhaps five percent (5%) of the surface area of the prior art mattress. Appellee's

Brief at 24; *see Sealy*, 825 Fed. App'x. at 799. Further, in *Sealy*, the Federal Circuit

placed considerable weight on "unrebutted evidence in the form of an Expert

Report" concerning the understanding of "a designer of ordinary skill in the art."

*See Sealy*, 825 Fed. App'x. at 800.

In sharp contrast, here, the vast majority of the prior art waffle sandwich is

hidden from view, arguably more than ninety-five percent (95%) of the prior art

waffle is not visible. *See* Appx4. In erroneously relying on this prior art, the

Examining Attorney engaged in the exact inverse of *Sealy*, *i.e.*, speculatively

imputing an uncertain and unclear presumed quality of the small fragment of the

prior art's periphery to the vastly larger and invisible remainder. *See id*; *see also Sealy*, 825 Fed. App'x. at 800. Further, the USPTO failed to cite an expert report in support of its findings. *See, e.g.*, Appx1-11.

      iv. Upholding the USPTO's Improper Application of the Inherency Doctrine Undermines the Spirit and Intent of the U.S. Patent Laws.

The USPTO's improper expansion of the doctrine of inherent anticipation in this case carries grave implications for future inventors. If left unchecked, this approach will inject unreasonable uncertainty into the patent application process in the United States. *See id.* Still further, it will have a chilling effect on the fair and equitable prosecution of similarly situated patent applications, thus depriving inventors of the fruits of their labors without cause. *See Howmedica*, 640 Fed. App'x. at 957.

    B. The *Kennametal* Line of Cases Does Not Apply to This Matter.

In its briefing papers, the USPTO urges the Court to accept *Kennametal*, 780 F.3d at 1383, as offering a separate basis for the Examining Attorney's and the USPTO's erroneous determination of anticipation. *See* Appellee's Brief at 30-32. *Kennametal* and its progeny provide an independent ground for anticipation where "a reference can anticipate a claim even if it d[oes] not expressly spell out all the limitations arranged or combined as in the claim, if a person of skill in the art, reading the reference, would 'at once envisage' the claimed arrangement or combination." *See Kennametal,* 780 F.3d at 1381 (internal quotations omitted) (alteration in original).

In other words, these cases provide that anticipation may arise where the prior art teaches "that the disclosed components or functionalities may be combined and one of skill in the art would be able to implement the combination." *See Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d. 1331, 1344 (Fed. Cir. 2016). But the doctrine only applies where the prior art discloses multiple functions or components, and the claimed invention is nothing more than an arrangement of those functions/components that could be readily foreseen by a person of skill in the art. *See Kennametal*, 780 F.3d at 1381.

In *Blue Calypso*, the prior art disclosed a computer system with "the ability to create numerous types of e-mail campaigns" that "explicitly contemplate[d] the combination of the disclosed functionalities." *See Blue Calypso*, 815 F.3d. at 1343-4. Meanwhile, in *Kennametal*, the prior art reference "disclosed a cutting tool assembled by combining different classes of materials with multiple options for each class." *See id.* at 1343. "[A]ll the limitations of Kenmetal's claim [were] specifically disclosed in [the prior art] . . .." *See Kennametal*, 780 F.3d at 1382.

In sharp contrast, here, the prior art waffle does not disclose an array of ornamental waffle designs, as *Kennametal* requires. *See id; see also* Appx4. The prior art Video Review discloses through an unfocused and blurry single frame of a lengthy video only a fragment of the inner edge of the lower half of the sandwich. *See id.* The USPTO erroneously attempts to combine that disclosure with the

11

"teachings" from the wholly obscured inner surface of the upper half to support its finding of anticipation. *See* Appellee's Brief at 30-32.

In so doing, the USPTO also fails to cite any authority for the proposition that the *Kennametal* doctrine can be used in situations where, as here, the prior art is so heavily obscured. *See id.* Nor does the USPTO explain in anything other than conclusory terms how the upper and lower halves of the prior art waffle "plainly establish that an ordinary observer would 'at once envisage' that each waffle bun has a waffle pattern on the outer surface . . . and is consistently flat and smooth on the inner surface." Appellee's Brief at 31.

Moreover, the USPTO fails to cite a single case that applies the *Kennametal* doctrine, which is directed exclusively to utility patents, to a design patent like the one at issue here. Appellee's Brief at 30-32. Appellants respectfully submit that *Kennametal* has no application to design patents, and that in urging this Court to apply the *Kennametal* doctrine instead of the doctrine of inherency, the USPTO is simply attempting to retrofit the faulty reasoning of the Examining Attorney and the Board. *See* Appellee's Brief at 30. Further, neither the Board, the USPTO, nor the Examining Attorney identify who "a person of ordinary skill in the art" would or might be. *See* Appx1-11; *see also* Appellee's Brief at 30-32. In fact, the USPTO erroneously contends that *Kennametal* requires that this matter be viewed through the lens of the ordinary observer, notwithstanding the wholesale lack of support for

12

such a claim. *See* Appellee's Brief at 31-32; *see also Kennametal*, 780 F.3d at 1382-3. Still further, unlike the parties asserting this doctrine in the *Kennametal* line of cases, the USPTO fails to offer any expert evidence or the like in support of its allegations. *See* Appellee's Brief at 30-32.

The USPTO's cited case, *Chamberlain Group, Inc. v. Techtronic Industries Co.*, 935 F.3d 1341, 1350 (Fed. Cir. 2019), acknowledged still another issue that precludes application of the *Kennametal* doctrine here: "whether the reference is *sufficiently clear* in disclosing the combinability of those elements such that a skilled artisan would 'at once envisage' the claimed combination" (emphasis added). First, the prior art itself is not "sufficiently clear" since it is disclosed through a single blurry frame of a YouTube video. *See id; see also* Appx4. Second, the texture of the disclosed prior art is not smooth. *See* Appx4; *see also supra* Part I.A. Third, the remainder of the waffle cannot be deemed "sufficiently clear" since it is completely hidden from view. *See* Appx4. As such, the *Kennametal* doctrine is not applicable here. *See id*.

**II. Appellants Should Be Permitted to Antedate the Prior Art**.

United States Utility Patent Application, Serial Number 15/168,768, filed May 31, 2016, by the same inventors as those here (the "'768 Application"), constructively reduced the claimed design to practice before publication of the Video Review. *See* Appx300-302. In arguing otherwise, the USPTO fails to

establish that the Amendments to America Invents Act (AIA) preclude Appellants from "swearing behind" the prior art waffle sandwich depicted in the Video Review. *See* Appellee's Brief at 38-39. The USPTO contends the disclosure in the '768 Application was insufficient to constitute a constructive reduction to practice "because the '768 utility application does not include an embodiment that meets all of the limitations (*i.e.*, the overall appearance) of the claimed design in the '270 design patent application at issue here." *See* Appellee's Brief at 39.

However, when Figure 2 of the '768 Application is viewed in concert with that application's plain text, it becomes clear that the '768 Application constructively reduced to practice the claimed design of the '270 Application. *See* Appx300-302. While the '768 Application was not submitted to the Court in an effort to hone the record, Appellants respectfully request that the Court take judicial notice of the '768 Application, particularly since the Examining Attorney assessed that application during the review of the '270 Application. *See* Appx220, Appx300-302.

Claim 2 of the '768 Application was directed to "[a]n asymmetrical planar bread food product in accordance with Claim 1 wherein said first pattern is a waffle pattern." *See* Appx301. Claim 3 of the '768 Application was directed to "[a]n asymmetrical planar bread food product in accordance with Claim 1 wherein said second pattern is a smooth surface." *See id.* Taken together, these claims

expressly state all the elements and limitations of the '270 Application, thereby amounting to a constructive reduction to practice. *See id*; *see also* Appx220; *see also Univ. of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 926 (Fed. Cir. 2004).

Therefore, to the extent that Figure 2 of the '768 Application does not fully embody the claimed waffle design, Appellants respectfully submit that the '768 Application's text and claims should be weighed alongside Figure 2. *See Curver Luxembourg, SARL v. Home Expressions Inc.*, 938, F.3d 1334, 1341 (Fed. Cir. 2019) (holding "the scope of the design claim can be defined either by the figures . . . *or by a combination of the figures and the language of the design patent*.") (emphasis added). Taken together, they clearly establish that the '768 Application constructively reduced to practice the claimed waffle design well in advance of the prior art reference's publication. *See id.*

As such, Appellants should be permitted to antedate the Video Review pursuant to the May 31, 2016, filing date of the '768 Application. *See id.* Still further, in the event this Court finds to the contrary, Appellants respectfully request, in the interests of equity and fairness, that the Court exercise its authority to reopen the prosecution of the '270 Application and permit the inventors to swear behind the prior art. *See id.*

**III.    Conclusion**

For the reasons set forth above and in the interest of justice and equity, the Board's decision affirming the rejection of Appellants' claimed invention should be reversed. In the alternative, the Appellants respectfully request that this Court remand this matter to the USPTO for further prosecution and consideration of the issues raised herein.

Respectfully submitted,

*/s/ Todd S. Sharinn*
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
1011 High Ridge Road, Suite 305
Stamford, Connecticut 06905
(203) 295-7276

*Attorneys for Appellants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on May 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

/s/ Todd S. Sharinn
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
*Attorneys for Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2) because:

      this brief contains <u>3,705 words,</u> excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(f) and the type style requirements of Fed. R. App. P. 32(b)(2) because:

      this brief has been prepared in proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

*/s/ Todd S. Sharinn*

Todd S. Sharinn

GILBRIDE, TUSA, LAST & SPELLANE, LLC

*Attorneys for Appellants*

18